[Crim. No. 506.    Third Appellate District.—July 17, 1920.]

THE PEOPLE, Respondent, v. JACK FOSTER, Appellant.

[1] CRIMINAL LAW — ATTEMPTING TO ESCAPE FROM STATE PRISON — CONVICTION—APPEAL — EVIDENCE — INSUFFICIENT ASSIGNMENT OF ERROR.—On appeal from a judgment of conviction of the crime of attempting to escape from a state prison, alleged errors in the trial court's rulings respecting certain evidence cannot be reviewed where the assignments are in general language, the particular rulings objected to, or wherein any rulings were erroneous, not being specifically pointed out.

[2] ID.—MISCONDUCT OF DISTRICT ATTORNEY—INSUFFICIENCY OF SPECIFICATION.—On such appeal, alleged misconduct of the district attorney in his trial of the case will not be reviewed where the alleged misconduct is not specifically referred to and brought to the attention of the appellate court by the defendant.

[3] ID.—TRIAL—EXCLUSION OF WITNESSES—EXCEPTION TO ORDER— ABUSE OF DISCRETION.—In a prosecution for the crime of attempting to escape from a state prison, it is not an abuse of discretion to allow, over objection by defendant, the captain of the guard at the prison at the time of the attempted escape to remain in the courtroom during the progress of the trial, although an order had been made excluding all witnesses pending their being called to testify.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jack Foster, *in pro per.*, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was indicted by the grand jury of Sacramento County for the crime of attempting to escape from the state prison, at Folsom, in said county, he then being a prisoner confined in said prison for a term less than for life. (Pen. Code, sec. 106.) His trial upon said indictment resulted in a verdict of guilty, and he prosecutes this appeal from the judgment of conviction and the order refusing to grant a motion made by him for a new trial.

It appears from the evidence that the locomotive engine which is used in hauling freight-cars from the prison to the town of Folsom and there connecting with the Southern Pacific Company's road was, on the twenty-ninth day of June, 1919, in charge of a guard named Lucas, whose particular duties then were those of a locomotive engineer on said engine. The fireman of the engine at the time mentioned was a convict named Cody. On the afternoon of said day, while the engine was being used in the prison yard in switching freight-cars, the defendant, together with two other convicts, St. Clair and Heath by name, jumped upon the engine and into the cab thereof, and St. Clair, holding a knife over and against the body of Lucas in a threatening manner, said: "We are going to take a little ride with you, boys," at the same time ordering Lucas to "open up" the engine and start it toward the gate leading into the prison yards. The defendant also had a knife in his hand and stood on the cab near St. Clair. Lucas opened the throttle and started the engine, but said to the prisoners that it could go no farther than the gate because it (the gate) was locked. St. Clair replied: "Go on, anyway," and Lucas permitted the engine to move on and it struck the gate, breaking it down, and the engine passed through and about four car-lengths beyond the gate, when the engine was stopped. Cody, the fireman, was taken off the engine by the defendant and his companions, and Lucas was ordered by them to alight, which he did, and thereupon with much haste started back to the prison yards in the direction of the gate through which the engine was forced. The prisoners, including the defendants, were promptly halted by the prison guards and confined in the prison.

The foregoing facts are taken from the testimony of the witness, Lucas, the engineer in charge of the engine at the time of the attempted escape. There was other evidence, circumstantial in character, introduced by the people, which was corroborative of the testimony given by Lucas. The cause was not orally argued before this court, but the defendant has filed a brief, which was evidently prepared by himself, although it seems to have the sanction of two lawyers, who immediately following the subscription of the defendant's signature to the document appear to have subscribed theirs as "His late attorneys." The defendant, in

his brief, complains in a general way of certain rulings of the court upon the evidence and charges that errors prejudicial to his rights were thus committed and also that the district attorney, in his presentation of the case to the jury, was guilty of misconduct which must necessarily have seriously prejudiced him and his case in the minds of the jury. It is further charged that, an order having been made by the court excluding all witnesses from the courtroom during the progress of the trial pending their being called to testify, the court erred in overruling his objection to the order exempting the witness, Captain Cochrane, an officer of the prison, from the operation of the rule of exclusion.

[1] As stated, the assignments charging alleged errors in the court's rulings respecting certain evidence are in general language. It is not specifically pointed out what particular rulings are thus objected to or wherein any rulings were erroneous. It is obvious that points so made on appeal cannot be reviewed. It is not the duty of a reviewing court, upon its own initiative, to search the record of a case to ascertain whether errors· had been committed by the trial court in the trial of a case. If there-were errors committed in the trial of this case, it was the duty of the defendant not only to point out such errors, but also to show that the errors so pointed out were of such magnitude as to have prejudiced his rights or prevented him from obtaining ·a fair and impartial trial. [2] Nor does the defendant, in his brief, show wherein the district attorney was guilty of misconduct in his trial of the case. He merely states generally that the prosecuting officer was guilty of misconduct which resulted in injury to him and his case. If such was the fact, the alleged misconduct should have been specifically referred to or brought to the attention of this court by the defendant. As above stated as to the complaint against the court's rulings, an assignment of misconduct in such a form cannot be reviewed, or, at least, will not be reviewed. In this connection, however, it may be well to state that, notwithstanding that the defendant has failed to specify the particular errors and misconduct of which he has attempted to complain, we have nevertheless given the record careful examination and from such examination we have been persuaded to the conviction that his objections as to those matters are groundless.

[3] There is no merit in the complaint that the court abused its discretion in allowing, over objection by defendant, Captain Cochrane to remain in the courtroom during the progress of the trial. The record shows that Cochrane held the position of captain of the guard at the prison at the time of the attempted escape, and the court, in overruling defendant's objection to the presence of the captain in the courtroom, properly observed that the district attorney was entitled to have by his side for the purpose of consulting about the case as it progressed any officer of the prison or other person who might be of aid to him in the matter of the marshaling of the proofs. Presumably, from his position, the duty of a captain of the prison guard on occasions such as the one responsible for this prosecution is to gather the facts and circumstances characterizing the episode, and it was not only proper but perhaps necessary that the captain should remain with the district attorney and advise with that official as to what testimony was available to the people.

Following the points above adverted to, the defendant, in his brief, enters upon an extended analysis of the testimony in an effort to show that the verdict was not justified. The argument thus advanced by the defendant would be appropriate before the jury, but can have no force before a reviewing court where the evidence is, upon its face, in sharp conflict, and that produced by the people clearly appears to be sufficient to support the conclusion reached by the jury. There is no inherent weakness or improbability in the testimony presented by the people in support of the charge alleged in the indictment, and if accepted by the jury, as obviously it was, it is fully sufficient not only to uphold the verdict but to have justified it, notwithstanding the asseveration of the accused, under oath, and the testimony of other witnesses he presented in purported corroboration thereof, that he was not one of the convicts who jumped into the cab of the engine and that he did not attempt to make his escape on the occasion referred to in the indictment, but that he only, with a large number of other convicts, upon hearing the commotion in the lower yard of the prison, where the engine is used, ran down to the point where the disturbance was going on to gratify his curiosity as to what the cause of the trouble or commotion was.

We conclude that the defendant has failed to shake or disturb the foundation upon which the judgment and the order are planted, and that, therefore, both the judgment and the order should be affirmed. It is so ordered.

Nicol, P. J., *pro tem.,* and Burnett, J., concurred.