[Crim. No. 4754. Second Dist., Div. Two. Apr. 9, 1952.]

THE PEOPLE, Respondent, v. ANTONIO GARDON VILLEGAS, Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been convicted in August, 1950, of possessing a preparation of heroin and placed on probation, appellant was again accused of having committed the same offense in May, 1951. Following conviction, he was denied probation. He was thereupon sentenced to the state prison and at the same time his first probation was revoked and for the first conviction he was sentenced for a term to run concurrently with the sentence pronounced upon his offense of May, 1951. He has appealed from the judgment of conviction of the later offense and from the order denying his motion for a new trial.

No question is raised as to the sufficiency of the evidence to support the conviction. Indeed, appellant pleaded guilty to the charge. After presenting statements of the trial judge to show that the latter "felt considerable sympathy toward appellant," it is contended that at the time appellant appeared for sentence and judgment he came within the provisions of section 11712 of the Health and Safety Code as amended in 1941 which provided for imprisonment in the county jail for not less than 90 days nor more than one year, or imprisonment for not more than six years on a first offense nor more than ten years on a second offense. From this he argues (1) that there was nothing in section 11712* to pre-

_____

*"Any person convicted under this division for having in possession any narcotic, or of violating the provisions of Sections 11530 or 11557 shall be punished by imprisonment in the county jail for not less than 90 days nor more than one year, or in the State prison for not more than six years.

"If such person has been previously convicted of a felony under the laws of the United States or of this or any other State, and if the previous conviction of a felony is charged in the indictment or information and is found to be true by the jury, upon a jury trial, or is found to be true by the court, upon a court trial, or is admitted by the defendant, he shall be imprisoned in the State prison for not more than 10 years." Stats. 1941, ch. 744, section 2, page 2264.

clude the granting of probation for a second offense; (2) that since section 11715.6 was amended in 1951, appellant is not chargeable under that section as then amended; therefore he must be punished under the law of 1949 which governed at the time of the offense committed in May, 1951.

Section 11712 contains nothing but provisions for penalties for cultivating certain narcotic plants, for maintaining resorts to which narcotic addicts may go; also, it enlarges the punishment for prior offenders. It does not prohibit probation for violators of either provision. But appellant was not accused under that section. He was charged with violating section 11500 of the Health and Safety Code which inhibits the possession of a narcotic by any person except upon the written prescription of one of those authorized to prescribe narcotics.

▉ In his attempt to obtain probation, appellant contends that section 11715.6 of the Health and Safety Code as amended in 1949 is the guiding rule. It is as follows: "In no case shall any person convicted of violating Sections 11713, 11714, 11715, or of committing any offense referred to in those sections, or upon a second or subsequent conviction of Section 11712, be granted probation by the trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court." That section expressly prohibits probation in every case to violators of the specified sections. Because section 11712 is not included among the statutes first listed in section 11715.6 appellant contends that the Legislature did not aim to forbid probation to a person who has violated section 11712 and that inasmuch as the trial court was sympathetic toward appellant, it unjustly denied probation because of its misinterpretation of the law. There are two answers to such contention.

(1) Appellant was not accused under section 11712. An accusation could not have been framed under that statute for the reason that it merely provides penalties for the violations of other statutes. He was charged with violating section 11500 which inhibits possession, transportation, sale, administering or giving away narcotics. In naming the sections, the violators of which may not be granted probation (11713, 11714, 11715), the lawmakers failed to include the section which defines the crime of possession, to wit, 11500. (Stats. 1945, p. 1840.) However, it is a reasonable interpretation that they intended to include possession by their reference to section 11712 which provides only the punishment

for one convicted of possession. In view of the inclusion in section 11715.6 of all the sections relating to the uses of narcotics and of the phrase *"or upon a second or subsequent conviction of section 11712"* it is a fair interpretation that the Legislature intended to include a denial of probation to any person found guilty of any offense named in section 11712.

(2) It could not reasonably have been intended in writing the 1949 edition of section 11715.6 to exclude section 11500 for the reason that it defines the crime of *possession,* whereas section 11713 prescribes the punishment for transporting or selling; 11714 defines the crime of employing minors in transporting or selling; and 11715 makes it a crime and prescribes the penalty for forging a prescription for a narcotic. Possession is the most popular of all the acts inhibited by the narcotic statutes. (Health & Saf. Code, §§ 11530 to 11797.) Before a man can sell, transport or give a narcotic, he must possess it. It is therefore reasonable to construe the italicized phrase in section 11715.6 (*supra*) as having been intended to read as follows: "or upon a second or subsequent conviction of any of the crimes mentioned in section 11712 *or of committing any offense referred to in such section.*"

When so construed, the court is authorized to deny probation to a person convicted for the first time of having had possession of a narcotic. The suggested construction finds further support in the 1951 edition of section 11715.6 which the Legislature caused to be revised to read as follows: "In no case shall any person convicted of violating Sections 11712, 11713, 11714, 11715, or of committing any offense referred to in those sections be granted probation by the trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court." By the last amendment, the statute was restored to the identical words used in 1939 when it was first enacted. From this fact it is a fair deduction that in 1949 the lawmakers attempted to restore the statute to its quondam language which resulted in the unfortunate omission of section 11712 from the series of statutes specified in the 1951 amendment.

██ A statute must be so construed as to make sense; to make every clause and phrase effective in deriving the legislative intent; and when the true purpose of the statute has been determined, it must be liberally construed in order to effectuate the purpose. ██ The manifest reason and

purpose of an act must not be sacrificed to a literal interpretation of its verbiage. ■ When the legislative intent has been ascertained, it must be enforced as intended notwithstanding the derived meaning may be inconsistent with the strict letter of the statute as enacted. (*Dickey* v. *Raisin Proration Zone No. 1*, 24 Cal.2d 796, 802 [151 P.2d 505, 157 A.L.R. 324]; *People* v. *Black*, 45 Cal.App.2d 87, 94 [113 P.2d 746]; *In re Haines*, 195 Cal. 605, 621 [234 P. 883].) A literal construction of the 1949 edition of section 11715.6 would nullify the legislative will and result in an absurdity.

Because the trial judge indicated sympathy for appellant while considering the application for probation, the suppliant conceived that the judge was favorable to a suspension of sentence and that he would have yielded to the petition but for his erroneous interpretation of section 11715.6. It has become a commonplace that neither the written opinion, nor the extemporaneous remarks of the trial judge may be used to impeach his findings. While the remarks of Judge Ambrose may here serve the purpose of showing how he would gladly lighten the punishment for the truly contrite transgressor, they do not reduce the enormity of the offense, nor do they indicate that appellant should receive less punishment than any other person guilty of the same offense. ■ The judge had found appellant guilty as charged and at the time of the probation hearing had before him the probation officer's report which declared that defendant's conformance with the rules of the officer "has been merely superficial in scope," that to continue "defendant on probation would not appear to be beneficial to the defendant or an effective solution to his problem." The judge thereupon observed that appellant "had previously been convicted of possession of the same drug; he has a prior conviction of the same offense." In view of appellant's criminal record prior to the violation here involved, the trial court did not violate either the provisions of section 11715.6 as herein construed, or the judicial proprieties in holding that appellant was not eligible for probation. (*People* v. *Brigham*, 72 Cal.App.2d 1, 7 [163 P.2d 891].)

The judgment and the order denying a motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.

The opinion was modified to read as above printed on April 11, 1952.