[Crim. No. 6805. Second Dist., Div. Three. Nov. 21, 1960.]

THE PEOPLE, Respondent, v. NICK M. PRIZANT et al., Appellants.

*Assigned by Chairman of Judicial Council.

Leonard D. Nasatir, Light, Garcin & Grossman, Herbert Grossman and Morris Lavine for Appellants.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

SHINN, P. J.—Nick M. Prizant, Speros Sarras, Alice M. Holling, Pat McGee and Barbara Jean Elliott were accused of the crime of conspiracy (Pen. Code, § 182) to violate sections 266h (pimping) and 266i (pandering) of the Penal Code and section 41.08 of the Municipal Code of the City of Los Angeles. The victim was Evelyn Morgan.

Prizant was accused of four substantive offenses of pimping, was jointly accused with McGee of two offenses of pandering, jointly accused with Elliott of an offense of pandering and jointly accused with Holling of an offense of pandering. Prizant was acquitted of two offenses of pandering and he and the other defendants were convicted of all other offenses charged. All the defendants made motions for new trial; the motion of Elliott was granted as to the conspiracy count.

Prizant was sentenced to state prison; Sarras was granted probation on condition he spend six months in jail and Holling, McGee and Elliott were sentenced to the California Institution for Women. All defendants appeal from the judgments and all except McGee appeal from orders denying their motions for a new trial.

All defendants urge reversal of the judgments upon the ground that during the preliminary hearing motions were made under section 868 of the Penal Code to exclude all persons from the courtroom except those named in the section who may be permitted to remain, namely, the "clerk, court reporter and bailiff, the prosecutor and his counsel, the Attorney General, the district attorney of the county, the defendant and his counsel, and the officer having the defendant in custody; provided, however, that when the prosecuting witness is a female she shall be entitled at all times to the attendance of a person of her own sex." The magistrate granted the motions as to all unauthorized persons except one investigator, who was allowed to remain during the hearing.

The motions were made at the preliminary on behalf of defendants Sarras and Elliott. Prior to entry of their pleas Sarras and Elliott made a motion under Section 995 of the Penal Code for dismissal of the information, which motion was denied. At the commencement of the trial they renewed their motion, and it was again denied.

At the time of the preliminary all defendants were on bail and consequently they were not in custody of the investigator who was permitted to remain, or of any officer. The "prosecutor" or "prosecuting witness" was Evelyn Morgan, not the investigator.

 For the error in permitting the investigator to remain in the courtroom during the preliminary hearing the judgments must be reversed.

The recent case of *People* v. *Elliot*, 54 Cal.2d 498 [6 Cal. Rptr. 753, 354 P.2d 225], is controlling. In that case the unauthorized person who was permitted to remain in the courtroom was a newspaper reporter; here he was an investigator, but that factual difference is immaterial. The ground of the decision in the Elliot case was that the failure to observe the right of the accused under section 868 to have all unauthorized persons excluded from the courtroom established prejudice as a matter of law, nullified the proceedings and rendered void the order committing the defendant for trial. So it is in the present case.

The brief of the attorney general was filed prior to the decision in the Elliot case. It placed reliance upon the absence of a showing of prejudice. Upon the oral argument he properly conceded that all inquiry with respect to actual prejudice is foreclosed.

The protection which the law provides cannot be limited to conditions in which harm to the defendant is apparent. Even if the circumstances were such as to render it highly improbable that actual prejudice would be suffered the presumption of prejudice would prevail.

 The court stated in the Elliot opinion: "This is not a mere insubstantial right. It is, rather, a fundamental safeguard. . . . When the statute is violated no showing of actual prejudice is required. Prejudice must be presumed. Obviously, if actual prejudice must be shown, the guarantee would become meaningless. (*People* v. *Byrnes,* 84 Cal.App.2d 72, 79 [190 P.2d 290].)'' The court held that the right of Elliot was violated not because the person who was allowed to remain in court was a newspaperman, but because he was not one of the persons who may be permitted to remain.

Upon the oral argument the attorney general contended that section 868 should not be given a literal interpretation; if applied as it is written it would require that the magistrate and any witness who was on the stand leave the room. Of course, such an interpretation would be absurd. The law gives the defendant a right to have a hearing attended only by the parties (including the prosecuting witness), represented by their counsel, and the personnel of the court. By amendment of the section in 1957, out of an abundance of caution, the Legislature added the court reporter and the bailiff as officers of the court who should be permitted to remain. It is doubtful that it would ever have been seriously urged that the magistrate or the trial judge would be required to dismember his court by excluding some of its component personnel.

Other arguments of the attorney general are to the effect that the section should be so interpreted as to permit an investigator or police officer to remain in court in order to consult with and advise the district attorney. The only reason urged for such an amendment of the law by judicial interpretation is that in some cases the district attorney has need of such assistance.

In such cases as *People* v. *Boyden,* 116 Cal.App.2d 278 [253 P.2d 773], *People* v. *Foster,* 48 Cal.App. 551 [192 P. 142], *People* v. *Chapman,* 93 Cal.App.2d 365 [209 P.2d 121] and

*People* v. *Lem Deo,* 132 Cal. 199 [64 P. 265], it was observed that it is customary for one police officer to remain in court to assist the district attorney, and that the practice is a proper one. These cases are of interest so far as they recognize the existence of a common practice, but they have no further interest. In each of the cases the motion was to exclude witnesses under section 867 of the Penal Code. In each of the first three cases the person who was allowed to remain was an officer and in the Lem Deo case he was an interpreter. As noted in the Elliot opinion it is within the discretion of the court to exclude witnesses under section 867, whereas the duty of the court upon motion under section 868 is mandatory. In the mentioned cases the courts held only that the court's discretion was not abused.

Under no rule of interpretation could we hold that the magistrate had the discretionary power to obey or disobey the mandate of section 868. Neither could we read into the statute a legislative intention that some one not named in the section, and not an officer of the court, can be allowed to remain in court as an assistant to the district attorney. The section has been amended twice since its enactment in 1872. In 1915 the Legislature reconsidered the section and amended it to permit a female prosecuting witness to be attended by one of her own sex. As previously stated, the section was amended in 1957 to name, also, the court reporter and the bailiff as persons not to be excluded. It must be presumed that the Legislature was informed as to the manner in which the statute had operated for many years and saw no need for any further amendment.

It may be that district attorneys do sometimes need the assistance of investigators or police officers in the presentation of the People's cases. It may even be that in exceptional cases they could receive assistance from not merely one, but several investigators or officers. The assistance of medical experts or ballistic experts might be desirable at times, but these are not matters for the courts. As the section reads the district attorney has the assistance of the prosecuting witness. The mandate of the statute is clearly expressed in a manner that leaves no doubt as to its purpose. Nothing can be added to or taken from its plain provision except by legislative action.

 ''If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.'' (*People* v. *Knowles,* 35 Cal.2d 175, 183 [217 P.2d 1].)

██ Although defendants Prizant, Holling and McGee did not make motions to exclude all unauthorized persons during the preliminary hearing, they are nevertheless entitled to rely upon the motions of Sarras and Elliott, and their partial denial.

Prior to the decision in *Elliot* it had never been held that denial of a motion under section 868 during the preliminary hearing invalidated the proceedings and rendered the order of commitment void.

In *People* v. *Kitchens*, 46 Cal.2d 260 [294 P.2d 17], the court considered a claim of error in the admission of evidence unlawfully taken by the police. The evidence had been admitted without objection by the defendant and it was contended by the People that by his failure to object defendant lost the right to rely upon the error. This contention was rejected. After the trial in *Kitchens*, the court had decided *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], in which it was held for the first time that a conviction based upon evidence illegally obtained must be reversed. The court said in *People* v. *Kitchens*, *supra*, pages 262-263: "Although we adhere to the rule that ordinarily the admission of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court, we conclude that it is not applicable to appeals based on the admission of illegally obtained evidence in cases that were tried before the Cahan decision. . . . A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal. Moreover, in view of the decisions of this court prior to *People* v. *Cahan, supra*, an objection would have been futile, and 'The law neither does nor requires idle acts.' (Civ. Code, § 3532.)"

We must assume that if the defendants who failed to make the motion at the time of the hearing had understood that it was their right to have spectators excluded they would have so moved, since it was no less in their interests than it was in the interests of defendants Sarras and Elliott to have the public excluded. Moreover, it would have been futile for them to make the motion after the motions of Sarras and Elliott had been denied.

The judgments are reversed and the court is directed to dismiss the information.

Vallée, J., concurred.

FORD, J.—I dissent. I do not believe that the reasoning of *People* v. *Elliot*, 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225], compels the conclusion reached in the prevailing opinion in the present case.

In the Elliot case a newspaper reporter, a person having no connection with the case other than as a member of the public, was permitted to be in the courtroom during the preliminary examination despite the motion of the defendant made pursuant to section 868 of the Penal Code. The Supreme Court held that there had been a denial of a substantial right of the defendant. The court stated (p. 504): "One of the main purposes of section 868 is to give the defendant the opportunity of protecting his right to an impartial and unbiased jury by preventing dissemination of this testimony, either by newspaper or other media prior to trial. . . . This right may be substantially impaired if the protection afforded by section 868 is denied." The court held that the conviction could not be saved by article VI, section 4½, of the California Constitution because "When a defendant has been denied a fair trial prejudice must be presumed." (P. 506.)

In the present case, the person permitted to remain in the courtroom was not a stranger to the proceeding but "the investigating officer," a person directly concerned therewith. It is, of course, obvious that in a county having a great volume of criminal cases the district attorney or a deputy cannot become fully cognizant, in advance of the preliminary examination, of all of the factual details of each case which he must present before the magistrate. Nor can he personally prepare for every uncertainty or turn of evidence that may occur during the presentation of the case at the preliminary examination. The assistance of the officer who investigated the case is just as essential at that time as it is at the time of the trial in the superior court. With respect to such assistance at the trial, in *People* v. *Boyden*, 116 Cal.App.2d 278, at pages 283-284 [253 P.2d 773], Mr. Justice White said: "It has long been the general practice to permit some officer, active in the prosecution of the case, to remain for the purpose of advising the district attorney as to the facts, the interest and character of the witnesses, etc." Again, in *People* v. *Chapman*, 93 Cal. App.2d 365, at page 374 [209 P.2d 121], it is stated: "It is the common and usual practice that at least one peace official may remain during the presentation of evidence during the entire case." (See also *People* v. *Foster*, 48 Cal.App. 551, 554 [192 P. 142].)

Merely because a person who is a stranger to the proceeding is clearly within the exclusionary provision of the code section, as in the Elliot case, the conclusion does not necessarily follow therefrom that, as a matter of statutory interpretation, a person who is assisting the district attorney is to be excluded. Guidance is given to us by section 4 of the Penal Code wherein it is stated that all the provisions of that code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (See *People* v. *Black*, 45 Cal.App.2d 87, 94 [113 P.2d 746].) As stated in *People* v. *Villegas*, 110 Cal.App.2d 354, at pages 357-358 [242 P.2d 657] : "A statute must be so construed as to make sense; to make every clause and phrase effective in deriving the legislative intent; and when the true purpose of the statute has been determined, it must be liberally construed in order to effectuate the purpose. The manifest reason and purpose of an act must not be sacrificed to a literal interpretation of its verbiage. When the legislative intent has been ascertained, it must be enforced as intended notwithstanding the derived meaning may be inconsistent with the strict letter of the statute as enacted." (See also *In re Clarke*, 149 Cal.App.2d 802, 805 [309 P.2d 142] ; *Select Base Materials, Inc.* v. *Board of Equalization*, 51 Cal.2d 640, 645 [335 P.2d 672].)

It is clear that the objectives sought to be achieved by the particular section of the code are of prime consideration in its interpretation. (See *Richfield Oil Corp.* v. *Crawford*, 39 Cal.2d 729, 738 [249 P.2d 600].) That rule of interpretation was recognized in the Elliot case in the statement that one of the main purposes of section 868 is the assurance of "an impartial and unbiased jury by preventing dissemination of this testimony either by newspaper or other media prior to trial." While such purpose is fostered by the exclusion of a stranger to the proceeding, it is not aided by the exclusion of the investigating officer any more than it would be by the exclusion of the person he assists, the district attorney. Underlying the determination of the Elliot case, and properly so, is the concept of due process insofar as the defendant is concerned. "As applied to a criminal trial, denial of due process is the failure to observe the fundamental fairness essential to the very concept of justice." (*Lisenba* v. *California*, 314 U. S. 219, 236 [62 S.Ct. 280, 86 L.Ed. 166].) But fairness to a defendant does not require the crippling of the fair opportunity of the district attorney fully and fairly to present his

case with the aid of an investigating officer in the task of marshalling the evidence.

In *Kashevaroff* v. *Webb*, 73 Cal.App.2d 177, at page 183 [166 P.2d 306], Mr. Justice Dooling stated: "Laws are made for the practical governance of men and it is axiomatic that that construction of a statute which appears to be reasonable is to be preferred." As stated by Mr. Justice Peters in *California Emp. etc. Com.* v. *Municipal Court*, 62 Cal.App.2d 781, at page 785 [145 P.2d 361] : "The provisions of the Constitution, or of a statute, should receive a practical, rather than a technical, construction [citation]; one leading to a wise policy rather than of 'mischief or absurdity.' "

Applying the applicable rules of interpretation to the problem here presented, I cannot reach the conclusion that it was the intent of the Legislature in enacting section 868 of the Penal Code to cause the exclusion from the preliminary examination of the investigating officer whose function is to assist the district attorney properly to perform his duty. (*Cf. People* v. *Lem Deo*, 132 Cal. 199, 201 [64 P. 265].)[1] Certainly, it would hardly have been maintained prior to the 1957 amendment of section 868 (which added to the persons excepted from exclusion "court reporter and bailiff") that the presence of the court reporter or of the bailiff—persons necessary to the proper functioning of the court—over the objection of the defendant would result in the same disposition as was reached in the Elliot case.

For the reasons stated, I cannot join in the prevailing opinion.

A petition for a rehearing was denied December 8, 1960. Ford, J., was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied January 18, 1961.

---

[1]In *People* v. *Lem Deo*, the defendant sought to set aside an indictment upon the ground that a person not mentioned in section 925 of the Penal Code, as it then existed, was permitted to be present during the session of the grand jury when the charge against the defendant was under consideration. The person involved was an interpreter whose presence was necessary because of two witnesses who could not speak or understand the English language. The Supreme Court said, at page 201: "The court did not err in denying the motion on the ground above stated. Waiving the absurdity of the proposition that the legislature intended that a grand jury should be precluded from inquiring into a public offense where the investigation made necessary the hearing of the testimony of witnesses who spoke only a foreign language, it is evident that the word 'witnesses,' used in section 925, includes interpreters."