[Crim. No. 1600.    Fourth Dist.    Feb. 7, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. BILLY JOE BROWN, Defendant and Appellant.

Nitz, Mueller & Hardin and George H. Chula for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Shorn of nonessentials, the facts in this case are as follows: The defendant, the appellant herein, was charged by complaint with the offense of robbery, i.e., a violation of section 211 of the Penal Code. A preliminary hearing was held thereon. Prior to the taking of any testimony, his attorney stated: "I would like to make a motion to exclude all unauthorized persons from the courtroom during the interval of this hearing." Thereupon the court inquired of the district attorney and was advised that the only witness to testify on behalf of the People was the alleged victim. The court then asked the defendant's counsel: "Do you want any of your witnesses excluded"; whereupon the latter stated: "All unauthorized persons. The defendant is entitled to a private hearing here"; and the court replied: "I don't think so. I have never heard of such a thing. There are a few certain types of cases where he would be entitled to a private hearing." Counsel for defendant made no attempt to enlighten the court with respect to the basis for his motion; stated no grounds therefor; and offered no authority to support the same. It was denied. Following this, the defendant moved for production of all statements, tape recordings and

transcripts made by the police and witnesses, together with the names and addresses of all witnesses interviewed; the district attorney indicated his willingness to turn his entire file over to the defense counsel; whereupon, the court instructed the former to proceed, and to give defense counsel "time enough to peruse your file." Thereupon, the victim was called as a witness and testified to facts establishing that the defendant entered his store and committed the crime of robbery. At the conclusion of this testimony the defendant's attorney initiated a discussion of his previous request to exclude all "unauthorized persons" from the courtroom; noted that such persons were present; disclosed that he was relying on the rule in *People* v. *Elliott,* 54 Cal.2d 498 [6 Cal. Rptr. 753, 354 P.2d 225] and *People* v. *Prizant,* 186 Cal.App. 2d 542 [9 Cal.Rptr. 282]; and moved for a dismissal of the case. The remarks of the magistrate during the course of this discussion indicated that he had acted under the belief that defendant was entitled to request that all witnesses should leave the courtroom, but not all persons. A recess was taken for the obvious purpose of reading the decisions cited by counsel. When court reconvened the defendant renewed his motion to dismiss and the magistrate granted the same.[1] Subse-

---

[1]The following is a transcript of the proceedings had at the time in question:

"Mr. Mueller [defense counsel]: May the record show at this time before I begin to cross examine that after my motion there are still numerous people in the courtroom, and the motion was denied and there are still unauthorized persons in the courtroom and all witnesses are apparently present at the hearing and in the courtroom.

"Mr. Kurilich [deputy district attorney]: I will object to the statement that the witnesses are present. I think that there was no motion to exclude witnesses by the defense counsel.

"Mr. Mueller: The motion was to exclude all unauthorized people.

"The Court: I thought the courtroom was open to the public.

"Mr. Mueller: It is my understanding that the defendant at a preliminary hearing is entitled to a private hearing, his rights under the constitution.

"Mr. Kurilich: As I say, before proceeding, I would request, for my own satisfaction, some authority on that point. As I say, it is not a type——

"The Court: What Code section?

"Mr. Mueller: Case of *People* versus *Elliott* and *People* versus *Prizant.* They are recent cases in the state.

"The Court: I will willingly admit that there is a great deal I don't know that is in those law books in there. My impression has always been there are certain types of cases that fall under that category. The defendant is entitled, as I understand it, to have all witnesses for the prosecution excluded from the courtroom. Maybe I am wrong.

"Mr. Mueller: The witness has already testified, and if the record will show that I have made the motion, I will move that the charges against the defendant be dismissed at this time.

quently, by new complaint, the defendant was charged with burglary, i.e., a violation of section 459 of the Penal Code, based on the same robbery incident. At the ensuing preliminary hearing the defendant moved ''to exclude all those persons *not authorized by the Penal Code 868* from this hearing.'' (Italics ours.) The motion was granted. The defendant then moved to dismiss the proceedings upon the ground that his motion in the previous hearing to exclude ''all unauthorized persons'' had been denied. After considerable discussion, the magistrate denied the motion to dismiss upon the ground that at the previous hearing the defendant had neither stated the grounds for his motion, disclosed the basis therefor, nor cited any authority in support thereof. All parties then submitted the pending issue of probable cause upon a transcript of the testimony taken at the first hearing. The defendant was held to answer to the superior court. In due course, an information was filed charging him with burglary and robbery, each offense based on the same incident. Prior to plea, the defendant moved for a dismissal under section 995 of the Penal Code, and prior to trial moved that the case be remanded to the

---

''Mr. Kurilich: In relation to that motion, at no time was a request made to remove any witnesses by counsel. Only that unauthorized persons be removed. That was vague and ambiguous. It did not stipulate any class of persons. We at this time indicated we would ask any witnesses to leave and the only witness who we called was the witness present on the stand.

"The Court: If you want any witnesses for the state excluded, anybody that may hear a witness or almost anybody that had any connection whatsoever with the case, we will exclude them.

"Mr. Mueller: I believe that on the basis——

"The Court: Unauthorized persons, what are we—I believe that is too broad a statement.

"Mr. Mueller: It is my interpretation of these two cases, that unauthorized persons are everyone except the clerk, the Judge, of course, the witness testifying, the reporter, the Bailiff, and if the defendant is in custody, one officer who was there for the purpose of guarding the defendant or maintaining custody of the defendant. All others, including the witnesses who are not testifying, would be unauthorized persons.

"Mr. Kurilich: I would only say that I would have to see the case that says that. Besides, at the time defense counsel did not state who he wishes omitted other than the vague term 'unauthorized persons,' without saying who.

"I feel that unless there is a case which states exactly that you can use a *borad* terminology, unauthorized witnesses, [*sic*] you have to say who you want excluded. That would be my impression at this time.

"However, I will be happy to look at the cases before proceeding.

"The Court: Let's take a few minutes' recess.

(Recess taken.)

"Mr. Mueller: Your honor, I would again make a motion that this case be dismissed on the basis of *People* versus *Elliott*.

"The Court: The case will be dismissed.''

municipal court for dismissal; each motion was made upon the ground that the defendant had been deprived of his right to a private preliminary hearing as provided by section 868 of the Penal Code; and each motion was denied. Thereupon he pleaded not guilty; waived a jury trial; submitted his case to the trial judge on the preliminary transcript; was found guilty of both burglary and robbery; was sentenced to imprisonment in the state prison on both charges, the sentences to run concurrently; and appealed from the judgment entered.

There are two issues on this appeal, i.e., (1) whether the denial of the defendant's motion at the first hearing to exclude ''all unauthorized persons'' constituted a denial of due process of law which has infiltrated the whole proceeding, and (2) whether the court erred in imposing sentences upon him for both robbery and burglary.

█ █ The provisions of section 868 of the Penal Code confer upon the defendant the right to have excluded from his preliminary examination all persons except those designated by that section. If he is denied this right, the proceedings are subject to dismissal. (*People* v. *Elliott, supra,* 54 Cal.2d 498.)
█ However, the right of exclusion exists only upon his request. Implicit in the exercise thereof is the requirement that such a request must be presented in an intelligent and legally sufficient manner. █ Unless the defendant makes a request in the required manner the right of exclusion does not come into being, and the presence of persons at his examination who might have been excluded under the statute does not affect the validity of the proceeding.

█ The magistrate at the second preliminary hearing determined that the defendant had not adequately claimed his right to a private hearing at the first preliminary hearing and, therefore, waived it. The record and the law support this position. The sum total of the defendant's initial motion was to exclude ''all unauthorized persons'' from the courtroom. The basis or grounds for this motion were not stated. It is apparent that the deputy district attorney and the magistrate were unfamiliar with the requirements of Penal Code section 868 and the decisions in *People* v. *Elliott, supra,* 54 Cal. 2d 498 and *People* v. *Prizant, supra,* 186 Cal.App.2d 542. It also is apparent that counsel for the defendant wilfully withheld information respecting these requirements and these decisions. In the theatrical world such tactics might be classified as clever, but the courtroom is not a theatre, and the administration of justice is not a theatrical performance. The evi-

dence before us supports an implied finding in the order of the magistrate at the second hearing denying the defendant's motion to dismiss, in the order of the trial court denying his motion under Penal Code section 995, and in the further order of that court at the time of trial denying his motion to remand for lack of jurisdiction, that at the time the defendant made his original motion his action was not prompted by a desire to effect a private hearing, but with the hope that his request might be refused, and thus lay the foundation for a dismissal of all proceedings against him. Such conduct makes a mockery of justice.

It cannot be said that the defendant in this case was denied his right to a private preliminary hearing; that he was not afforded due process of law; or that his trial was in any measure unfair. When the magistrate at the first hearing was advised of the basis for the defendant's request, his motion to dismiss was granted although, in our view of the record, the magistrate was not required to honor that motion. However, as hereinafter noted, this dismissal had no effect on the subsequent proceedings.

The principles evident in certain general rules of law applicable to various areas of trial practice, support the conclusion that a legally sufficient request to a court must fairly state the basis therefor, particularly where the judge or magistrate presiding indicates that he has a mistaken concept of the law in the premises. Ordinarily an objection to evidence without clearly stating the precise grounds therefor, unless they are obvious, may not be urged as a basis for error (*People* v. *Owens,* 123 Cal. 482, 490 [56 P. 251]; *Kiler* v. *Kimbal,* 10 Cal. 267; *People* v. *Modell,* 143 Cal.App.2d 724, 730 [300 P.2d 204]; *People* v. *Fowzer,* 127 Cal.App.2d 742, 746 [274 P.2d 471]; *People* v. *Renek,* 105 Cal.App.2d 277, 283 [233 P.2d 43]; *People* v. *Goff,* 100 Cal.App.2d 166, 172 [223 P.2d 27]; *People* v. *Agajanian,* 97 Cal.App.2d 399, 405 [218 P.2d 114]; *People* v. *Calliham,* 81 Cal.App.2d 928, 933 [185 P.2d 342]; *People* v. *Wright,* 26 Cal.App.2d 197, 207 [79 P.2d 102]); nor is it error to deny a motion to strike evidence where no grounds for the motion are stated. (*People* v. *Nelson,* 85 Cal. 421, 428 [24 P. 1006]; *People* v. *Eckman,* 72 Cal. 582, 583 [14 P. 359]; *Singer Metals, Inc.* v. *Industrial Management Corp.,* 116 Cal.App.2d 85 [253 P.2d 515]; *Toomes* v. *Nunes,* 24 Cal.App.2d 395 [75 P.2d 94]; *Bennett* v. *Hoge,* 108 Cal.App. 180 [291 P. 444].) The requirement that a party fairly inform the court respecting the grounds

for his objection to evidence or his motion to strike the same is equally applicable to a situation such as the one at bar.

With respect to certain errors occurring in the course of a trial, it has been laid down as a general rule that: "Before a party may successfully take advantage of the behavior of the trial court, he must have objected, protested and assigned the conduct as prejudicial in order that the court may correct the asserted error." (*People* v. *Kobey,* 105 Cal.App.2d 548, 560 [234 P.2d 251].) The decisions are legion in support of the statement in 4 California Jurisprudence 2d 420 that: "One who by his conduct induces the commission of error by the trial court, or, in other words, invites error, is estopped to insist that the action of the court is erroneous." The tone of these general rules is a guide for the presentation of every request by any party to any action. It is noteworthy that, as shown by the record, in the course of the presentation of all subsequent motions counsel for the defendant referred either to the provisions of Penal Code section 868 or the decisions in *People* v. *Elliott, supra,* 54 Cal.2d 498 and *People* v. *Prizant, supra,* 186 Cal.App.2d 542.

Furthermore, not only did the motion in question fail to state the basis for the defendant's request, which is necessary in order that the court might be apprised of its duty in the premises, but it also was ambiguous in context. The request to "exclude all unauthorized persons from the courtroom" failed to designate with certainty the persons to be excluded. As framed, the request immediately prompts two inquiries, i.e., (1) persons unauthorized to do what? and (2) persons unauthorized by whom? The immediate reaction of the magistrate to this request indicated that he believed the defendant was directing his attention to the exclusion of witnesses. The latter's subsequent claim that he was entitled to a private hearing, without reference to the basis therefor, was not sufficient to remove the uncertainty existent in his motion. If it had been granted, and if the court had ordered "all unauthorized persons" to leave the courtroom, the meaningless character of the order would have become apparent immediately in any attempt to direct the bailiff to enforce it.

The dismissal of the original complaint did not bar the filing of a second complaint involving the same or a similar offense. (*People* v. *Prewitt,* 52 Cal.2d 330, 340 [341 P.2d 1]; *Ex parte Fenton,* 77 Cal. 183 [19 P. 267]; *People* v. *White,* 180 Cal.App.2d 99, 103 [4 Cal.Rptr. 261].) We do not con-

sider that the second complaint charging the offense of burglary, rather than the offense of robbery, had any significant effect either upon the validity of the proceedings taken at the first hearing, the right of the defendant to a private hearing after proper request therefor, or his further prosecution for any offense encompassed within the robbery incident.

The defendant's contention that he was denied due process of law and that the court erred in refusing to dismiss the present proceedings because the magistrate in the first hearing, in response to his insufficiently expressed request, did not exclude from the courtroom all persons except those enumerated in section 868 of the Penal Code, is not well taken.

However, the defendant's contention that the trial court erred in sentencing him to the state prison for the crime of robbery and the crime of burglary, each arising out of the same transaction, is meritorious. The defendant's action in entering the subject store with intent to rob the proprietor and thereupon completing the act of robbery, constitutes a continuous course of conduct for which only one punishment may be imposed. (*Neal* v. *State,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]; *In re Dowding,* 188 Cal. App.2d 418 [10 Cal.Rptr. 392].) Under these circumstances, that part of the judgment imposing sentence for the lesser offense should be stricken, while that part of the judgment imposing a sentence for the greater offense should be sustained. (*People* v. *Chessman,* 52 Cal.2d 467 [341 P.2d 679]; *People* v. *Logan,* 41 Cal.2d 279, 290-291 [260 P.2d 20]; *People* v. *Knowles,* 35 Cal.2d 175, 187 [217 P.2d 1].)

The judgment appealed from is modified by striking therefrom that part thereof directing that the defendant be imprisoned for the offense of burglary, and as modified is affirmed.

Griffin, P. J., and Shepard, J., concurred.