[Crim. No. 8154.   Second Dist., Div. Three.   May 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN JOSEPH COLLINS, Defendant and Appellant.

John Joseph Collins, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—John Joseph Collins and Leroy Gardner were jointly accused of burglary and grand theft consisting of entry of a store building of Norman H. Satchell in Los Angeles and theft of a cash register of the value of $600 and money in the amount of $100. In a jury trial in which they were represented by Deputy Public Defender F. Kilbride, Gardner was acquitted and Collins was convicted of burglary in the second degree and grand theft, and was sentenced for both crimes. Collins was also found to have suffered four prior felony convictions which were alleged in the information; he appeals from the judgment. He applied for appointment of counsel on the appeal. We read the record, found the judgment to be subject to modification by deleting the sentence for grand theft, and that in other respects the appeal was without any semblance of merit. The application was denied. After due notice, no brief has been filed.

There was evidence of the following facts. Collins and another man entered the cleaning establishment of one Satchell at about 6:30 p. m. Collins took hold of a cash register, wrenched it loose from its pedestal base and started away with it. He had moved 7 or 8 feet, carrying the register, but dropped it when he was seized by Satchell. The other man ran from the store. Collins and Satchell wrestled out to the sidewalk. Gardner ran up and joined in the fight, which was carried on down to a street corner 100 or 150 feet away. Satchell was "hollering" at the top of his voice. He turned the men loose. Collins was picked up by police officers in a car cruising in the neighborhood. He was breathing hard, perspiring heavily and his clothing was disarrayed. He was returned to the store, where Satchell identified him. He also identified Collins at the trial. Collins was also observed by Claude Daily, who ran out of an adjacent store when he heard Satchell calling for help. Satchell was chasing the men, Collins ran close by Daily and Daily positively identified him at the trial. Gardner was picked up by the police several blocks away, as he emerged from between two apartment buildings. He had a cut on his leg and was bleeding. Although Satchell identified Gardner as one of the men with whom he scuffled, he testified that he did not get a good look at the second man and could not identify Gardner as the second man who was in the store. The defendants did not testify or offer any defense.

The deputy public defender succeeded in persuading the jury that the gap in the evidence with respect to the identification of Gardner as one of the men in the store was fatal to the case against him and the jury acquitted him. This was merely one of many instances we have observed in which the members of the public defender's staff have demonstrated their competence and alertness in the representation of indigent prisoners.

We have examined the instructions and find them to be correct and complete with the exception that they permitted the conviction of Collins of two offenses, burglary and grand theft.

The law with respect to the crimes of burglary and grand theft, and other offenses committed contemporaneously, and for the accomplishment of a single purpose has undergone extreme changes of late. (*Neal* v. *State of California,* 55 Cal. 2d 11 [9 Cal.Rptr. 607, 357 P.2d 839] ; *People* v. *Brown,* 200 Cal.App.2d 111 [19 Cal.Rptr. 36].) In the latter case, the

crimes considered were burglary and robbery where the acts constituted a continuous course of conduct. It was held that only one punishment could be imposed, and this for the greater of the two offenses.

In the present case, the greater of the two offenses is burglary in the second degree for which the maximum term of imprisonment in state prison is 15 years (Pen. Code, § 461), whereas for grand theft the maximum term is 10 years (Pen. Code, § 489).

The judgment is modified by striking out that portion thereof directing that defendant be imprisoned for the offense of grand theft and, as modified, is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied August 8, 1962.