[Civil No. 2152.   Filed May 24, 1924.]

[226 Pac. 209.]

HARRY MINDLIN, Appellant, v. S. P. JONES, JR., Appellee.

1. JURY — JURY TRIAL WAIVED BY FAILURE TO REQUEST AT PROPER TIME.—Under Civ. Code 1913, section 508, where case had been several times set for trial and passed, and there were no issues of fact in the case, but evidence was undisputed, *held*, that defendant, first demanding jury when case was called for trial, thereby waived jury trial.

2. MECHANICS' LIENS — NOTICE OF CLAIM HELD TO ADEQUATELY DESCRIBE PREMISES. — Notice of claim of lien held to sufficiently describe premises.

APPEAL from a judgment of the Superior Court of the County of Gila.  G. W. Shute, Judge.  Affirmed.

1.   See 16 R. C. L. 218.
2.   See 18 R. C. L. 936.
     See 35 C. J. 212; 27 Cyc. 122 (1925 Anno.).
     2b Ariz.—26

Mr. Norman J. Johnson, for Appellant.

Mr. L. L. Henry and Mr. F. A. Shaffer, for Appellee.

LYMAN, J.—This action is to foreclose a mechanic's lien. Judgment was for the plaintiff, and granted the relief asked for.

Two questions are raised by this appeal:

(1) Did the court improperly deny defendant's demand for a jury, because already waived, and not demanded in time?

(2) Does the notice of claim of lien adequately describe the premises upon which lien is claimed?

The demand for a jury was made after the case was called for trial. The case had been several times set for trial and passed. The case was first set for trial on April 17, 1922. Upon that day it was ordered continued subject to call "upon motion of all parties." It later was reset for trial for June 29, 1922. There is no record of any proceedings in that court upon June 29th, but upon the following day it appears that the court ordered that the trial of this case be set for 7 o'clock P. M. of that day. A later order of the same date states:

"That this case coming on regularly for trial, the trial is ordered to proceed."

Thereupon counsel for defendant asked for judgment upon the pleadings, though no such motion was then or theretofore filed in writing. Upon the denial of this oral motion, counsel for defendant made a demand for trial by jury, which was denied. The trial then proceeded with the introduction of evidence, consisting solely of formal proof of plaintiff's claim. There are no issues of fact in the case. The evidence is undisputed.

The statute provides that demand for jury shall be made when the docket is called for the setting of cases.

Revised Statutes of Arizona 1913 (Civ. Code), section 508. This provision of the statute provides for a definite and systematic method of waiving the right to a jury. The reasons for providing some such method of waiving are too reasonable, obvious, and well known to require stating or argument. The force and manifest effect of this provision of the statute has never been questioned. This statutory regulation of the matter was further enforced by the rule of the superior court of Gila county, made in furtherance of this statute. This rule provides that the trial calendar shall be called at 10 o'clock in the forenoon of each Monday, except during July and August, for the setting of cases, and that at the first calling of any cause on the trial calendar, if either party desire a jury, demand must be made, unless written demand shall have previously been filed. In *Jenkins* v. *Skelton,* 21 Ariz. 663, 192 Pac. 249, this court held that demand for a jury made when the case was called for actual trial was too late. It is apparent that the demand for jury was made for delay, since there are no issues of fact made by either the pleadings or the proof. There were no issues to be submitted to a jury, and therefore nothing for a jury to decide.

The remaining question raised is as to whether or not the premises which the plaintiff would subject to a lien are sufficiently described and identified in his notice of claim of lien, which is incorporated in his complaint. The first reference made in this notice to the premises involved describes them merely by metes and bounds, without otherwise locating them. In a subsequent portion of the notice, however, the premises are fully and definitely described by county, state and city lot and block, together with the metes and bounds of the particular land in question. Following this description the notice of lien refers to it, and "claims a lien upon the above-de-

scribed property, structures and improvements.''
Clearly the premises are sufficiently identified. No
one could have been misled or left in any state of
uncertainty as to what premises were referred to.
This appeal, like the demand for a jury, was ap-
parently taken for delay.

The judgment will be affirmed.

McALISTER, C. J., and ROSS, J., concur.