[Civil No. 2245. Filed January 3, 1925.]

[231 Pac. 922.]

## LEE ARNETT, Appellant, v. THOMAS J. HARDWICK, Appellee.

1. Dismissal and Nonsuit—Until Demurrer to Complaint Ruled on, Cause is not "at Issue," Within Rule Authorizing Dismissal for Want of Prosecution.—Under Civil Code of 1913, paragraphs 508, 509, where demurrer to complaint has not been disposed of, no issue excepting question of law as to sufficiency of complaint is presented, and case is not "at issue," within superior court Rule 16, authorizing dismissal for want of prosecution.

2. APPEAL AND ERROR—APPELLEE'S FAILURE TO ANSWER APPELLANT'S ASSIGNMENTS AN ADMISSION OF THEIR CORRECTNESS.—Appellee's failure to appear and answer appellant's assignments is an admission of their correctness.

See (1) 18 **C. J.**, p. 1193 (1926 Anno.). (2) 3 **C. J.**, p. 1446 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Mohave. E. E. Bollinger, Judge. Reversed and remanded.

Mr. E. C. Redman, Mr. Ross H. Blakely and Mr. Weldon J. Bailey, for Appellant.

No appearance for Appellee.

McALISTER, C. J.—Lee Arnett, assignee of three promissory notes executed by appellee, Thomas J. Hardwick, in favor of Ruby and Bowers, brought this action to enforce their collection. A general demurrer to the complaint was filed by appellee July 16, 1921, but no ruling thereon was ever made nor was any further action taken in the case until April 2, 1923, when it was dismissed with prejudice at appellant's cost. The appeal is from the order of dismissal which was entered upon the authority of Rule 16 of the superior court of Mohave county. This rule reads as follows:

"Rule 16. Delay Docket. When any case, after having become at issue, shall have passed three consecutive calls of the trial calendar without action having been taken by counsel for either party, the clerk may place such case upon what shall be termed the delay docket, that is, the case will be kept in the files and not placed upon the trial calendar until some interested party calls it up. After such case has remained on the delay docket for a period of six months without either party or their counsel taking any action in same, the court (may?) upon thirty (30) days' notice dismiss said case for want of

prosecution. Nothing in this rule shall prevent counsel from securing the continuance of any case upon good cause shown.''

Appellant's contention is that the dismissal was not authorized, for the reason that at the time thereof the demurrer had not been ruled upon, and the case had not in consequence of this fact ''become at issue.'' Under the plain wording of this rule a case does not pass to the trial calendar and become subject to call for trial until it has ''become at issue,'' and necessarily it has no rightful place on the delay docket until it ''shall have passed three consecutive calls of the trial calendar without action having been taken by counsel for either party.''

It would seem to be very plain that the case did not become at issue within the meaning of Rule 16 or the statute until the demurrer was disposed of, because the only issue presented by the complaint and the demurrer was one of law, and, until the court determined whether the former stated a cause of action, there was no occasion for placing the case upon the trial calendar and calling it for trial. Under paragraph 509 of the Civil Code of 1913 ''all issues of law arising on the pleadings . . . shall be disposed of by the court before the case'' goes to ''trial on the merits,'' and under the preceding paragraph 508, the docket shall be called on such days as may be fixed by the court, and ''all causes at issue shall be set for trial at such times as the court may direct,'' etc. As long, therefore, as the complaint and the general demurrer were the only pleadings, the issues of law arising thereon were not disposed of, and, until they had been, the case could not reach that stage where it could be said to be at issue. If, in ruling on the demurrer, the court had decided that the complaint contained facts sufficient to constitute a cause of action, it would have

been necessary that these facts be controverted before the issues could have been made and the case become ready for trial, while there would have been no case to become at issue if it had held that it did not contain such facts.

Appellee has made no appearance in this court, and we take it that he agrees with this view, since this court has held on a number of occasions that a failure to answer appellant's assignments is an admission of their correctness. *Skelsey* v. *Kuhn*, 23 Ariz. 367, 203 Pac. 1082; *Hatch* v. *Leighton*, 24 Ariz. 300, 209 Pac. 300.

The order of dismissal is reversed and the case remanded to the lower court, with directions to reinstate it.

ROSS and LYMAN, JJ., concur.