[Civil No. 2199.   Filed March 4, 1925.]

[234 Pac. 32.]

## W. H. BURBAGE, NAVAJO–APACHE BANK & TRUST COMPANY, a Corporation, et al., Appellants, v. FRANK JEDLICKA, Appellee.

1. APPEAL AND ERROR—SOLE QUESTION ON APPEAL FROM REFUSAL TO VACATE DEFAULT JUDGMENT STATED.—On appeal from order denying motion to vacate default judgment, *held* that only question was whether default was properly entered or case set for trial by court order on date of trial and entry of judgment, pursuant to court rules.

2. JUDGMENT—DEFAULT BEFORE DISPOSITION OF PLEA IN ABATEMENT, TREATED AS STILL PENDING, IMPROPER.—Plea in abatement, treated as still pending, and argued and taken under advisement after ostensible overruling of plea, prevented default until ruled on by court.

3. JUDGMENT—DEFAULT JUDGMENT IN CASE NOT SET FOR TRIAL BY COURT IMPROPER.—Case not having been set for trial by court, as required by Civil Code of 1913, paragraph 508, and rule made pursuant to paragraph 348, default judgment was improperly taken, and should have been set aside on defendant's motion.

4. JUDGMENT—TRIAL OF ONE OF TWO CONSOLIDATED CASES HELD IRREGULARITY, ENTITLING DEFENDANT TO VACATION OF DEFAULT JUDGMENT.—Trial of one of two cases in defendant's absence

before vacating or setting aside order consolidating them and apprising defendant thereof *held* irregularity, entitling defendant to order vacating default judgment, as calculated to mislead him.

See (1) 4 C. J., p. 667 (1926 Anno.).   (2) 34 C. J., p. 170.   (3) 34 C. J., p. 180.   (4) 34 C. J., p. 275.

APPEAL from a judgment of the Superior Court of the County of Navajo. A. S. Gibbons, Judge. Judgment reversed with directions.

Mr. C. H. Jordan, for Appellant.

Messrs. Hibbard & Kleindienst and Mr. Leo T. Stack, for Appellee.

ROSS, J.—This is an appeal from an order denying a motion to set aside and vacate a default judgment against defendant Burbage. The action is one to quiet title, and was instituted by plaintiff, Jedlicka, against the defendants some time early in May, 1919, and bears the number 880.

On May 26, 1919, the defendants answered the complaint, and by way of plea in abatement set up another suit pending in the same court, bearing number 832, involving, as claimed by defendants, the same subject matter and related questions.

On December 1, 1919, the minute entry is that plea in abatement was overruled.

December 6, 1920, the court, upon stipulation of the parties, consolidated actions 880 and 832.

January 24, 1921, cases were assigned by the local judge to Honorable A. S. GIBBONS, Superior Judge of Apache county. The plea in abatement was argued to Judge GIBBONS on that date, and plaintiff given thirty days to file brief and defendants five days to reply. At each call of the calendar thereafter cases were passed until January 18, 1923, on which date, plaintiff in cause 880 being present by attorney,

and no one appearing for defendants, the court entered an order overruling defendants' demurrer to complaint and gave defendants ten days in which to file answer. February 24, 1923, Judge GIBBONS presiding and plaintiff being represented by counsel, the default of the defendants was entered, upon plaintiff's motion, for failure to answer. On that day plaintiff submitted his evidence, and the court thereupon gave judgment quieting his title to property involved, and for $1,500 attorney's fees, and costs, against the defendants Navajo-Apache Bank & Trust Company and W. H. Burbage.

On March 6, 1923, Burbage filed his motion to set aside the default judgment upon the ground that he had received no notice of the overruling of his demurrer, or plea in abatement, or that the case had been set for trial on February 24, 1923, and that no order so setting the case for trial was made by the court, but, if made at all, was made by the judge of the superior court of Apache county while in that county, and not by the superior court of Navajo county, where suit was pending. There was tendered with the motion an answer of merits in which it was shown defendant Burbage was a mere naked trustee in a trust deed or mortgage on the property, the title to which suit was brought to quiet, and offering to quitclaim to anyone the court should determine entitled thereto. This motion was never passed upon by the court, but on appeal has been treated as denied by operation of law.

Burbage appeals and urges several grounds of error, some of which go to proceedings antedating the judgment and the order overruling his motion to set aside judgment; but we think he is, under the law, confined to the one question: Was his default properly entered or the case set for trial by an order of the court on the date it was tried and judgment

entered, or, in other words, were the rules of the
court followed?

One of the rules of the superior court of Navajo
county is as follows:

"No civil cause will be set for trial until all de-
murrers, motions, and pleas, other than pleas in-
volving issue of fact, shall have been argued and
determined or otherwise disposed of, when such
causes shall be placed upon the trial docket."

After overruling the demurrer of January 18, 1923,
the court entered an order allowing defendants ten
days in which to file an answer. On February 24th
default was properly entered, unless it be determined
that the plea in abatement was still pending and
undisposed of. The minute entry of December 1,
1919, shows that such plea was overruled; but after-
wards, when the cases were transferred to Judge
GIBBONS, the plea in abatement was again taken
up, argued by counsel, and time granted to file briefs
by the respective parties. Thereafter the record
fails to show any disposition of such plea, and on the
24th of February, 1923, when default was entered,
it was undisposed of, unless effect be given to the
ruling of December 1, 1919, We think, in view of
the act of the court and the parties in treating it
as undisposed of at a date subsequent to December 1,
1919, it should on this motion be given effect, other-
wise it would be a mere trap. The court treated it
as a live and serious question, and after it was ar-
gued took it under advisement. Under such circum-
stances defendant Burbage surely had a right to de-
pend upon it as preventing any default being taken
against him until ruled upon by the court. Counsel
for appellees say that, even so, the plea was prop-
erly disposable at the trial. That would be true if
the rules of the court, as to placing the case on
the trial docket and setting date for the trial, had

been observed. The rule in that regard is as follows:

"Whenever a civil cause is placed upon the trial docket the court shall set it for trial at the earliest practicable day certain. For that purpose the clerk shall keep a docket of civil actions at issue, and in which all demurrers, motions, and pleas, other than pleas involving issues of fact, shall have been disposed of or expressly waived, and such docket will be called by the court for the setting of cases for trial on the first Monday of each month.

"Civil cases will not be set or reset at other times except default cases, and other actions in which the necessity for the speedy trial shall be made apparent. If any cause cannot be tried on the day set for the trial thereof, it will be tried in its order, unless otherwise ordered by the court."

It does not appear that the court at any time made any order setting the case down for trial on the twenty-fourth day of February, or any other date. Attorneys for plaintiff in a notice to defendants, dated the sixteenth day of February, fixed that date (February 24th) as the time when "the trial of the above action will be held at the court house, . . . " and in private conversation with one of defendants' attorneys stated the case would be presented on February 24th. It may also be inferred from the record that there was an understanding between the judge and attorneys for plaintiff that the case would be tried on the 24th. But the rule of the court that "whenever a civil cause is placed upon the trial docket the court shall set it for trial at the earliest practicable day certain" was not observed.

So far as the record is concerned, the trial docket was not called and the case was not set by the court. We therefore conclude that, because the plea in abatement was pending and undisposed of when default was entered, such default was erroneous, and,

because the case was not set for trial by the court, the judgment was improperly taken and should have been set aside upon defendant Burbage's motion and he have been permitted to file his answer.

Paragraph 348 of the Civil Code empowers superior courts to make rules for the government of practice therein, not inconsistent with the state laws or the rules of the Supreme Court, and in paragraph 508 it is provided:

"On such days as may be fixed by the court, the docket shall be called and all causes at issue shall be set for trial at such times as the court may direct. . . . "

It seems that neither the rules of the court nor the statute was observed in this case. *Brown* v. *Greer,* 16 Ariz. 222, 141 Pac. 843.

The order consolidating cases 832 and 880 was never vacated or set aside, and until that was done and defendant Burbage apprised thereof, to say the least, the trial of one of the cases *ex parte* was an irregularity that might have misled, and defendant insists did mislead, him.

According to the pleadings, especially as shown by defendants' plea in abatement, defendant Burbage was a mere naked trustee not otherwise interested in the subject matter of the litigation. He was only a nominal party; the real party in interest being the Navajo-Apache Bank & Trust Company, it being the owner of the trust deed or mortgage. It was a matter of indifference to him how the judgment went. Under such circumstances it might well be that he did not take the matter so seriously as he would have had he been a party actually interested.

The judgment of the lower court is reversed and the cause remanded, with the direction to set aside and vacate the judgment against appellant Burbage,

and with the further direction that he be allowed to file his answer of merits.

McALISTER, C. J., and LOCKWOOD, J., concur.