[Civil No. 3380.   Filed June 1, 1934.]

[32 Pac. (2d) 1027.]

O. H. BROWN, Appellant, v. ARTHUR S. HAY-
MORE, DAVID F. HAYMORE and WALTER
T. HAYMORE, Executors of the Estate of
FRANKLIN D. HAYMORE, Deceased, Ap-
pellees.

Mr. David E. Wilson, Mr. Stanley A. Jerman, Mr. K. T. Palmer and Mr. John J. McCullough, for Appellant.

Mr. W. G. Gilmore and Mrs. Laura F. Gilmore, for Appellees.

LOCKWOOD, J.—O. H. Brown, hereinafter called plaintiff, brought suit against Arthur S. Haymore, David F. Haymore, and Walter T. Haymore, as executors of the estate of Franklin D. Haymore, deceased, hereinafter called defendants, to recover the value of certain medical services, which plaintiff alleged he had performed at the request of deceased. On October 28, 1932, the action was dismissed for want of prosecution. Thereafter plaintiff moved to reinstate the action and to correct the minutes of the trial court, which motions being denied this appeal was taken.

The record shows the following facts: The action was filed January 9, 1932. Defendants demurred and answered, and on May 7, 1932, the demurrers were overruled and the case set for trial on July 21st. For some reason not appearing in the record, it was not tried on that date, and, on September 23d, October 17th was set as the date for hearing the law points involved in the case. New pleadings having been filed by defendants on September 30th, on Octo-

ber 7th, the date for hearing the law points was set for October 18th, and on the last-named date the case was set for trial on October 28th. It does not appear from the record whether during any of these proceedings any of the parties or their counsel were present in court, but on October 28th both parties were represented by counsel. The minute entry of that date shows the following proceedings:

"This cause came on regularly this date for trial. The plaintiff present by Wilson, Jerman and Palmer and John McCullough, Esq. The Defendants present by their counsel W. G. Gilmore, Esq.

"Counsel for the plaintiff moved the Court that the trial be continued for one week, the Court heard counsel and denied the motion. Counsel for the plaintiff then advised the Court that he would file an affidavit of disqualification in the case, and demanded a jury trial. Counsel for the defendants then moved the Court that the case be dismissed for want of prosecution and the Court granted the motion, and ordered that this action be and is hereby dismissed for want of prosecution."

Thereafter, and on February 7th, a motion to reinstate the cause and correct the minutes of the court was presented and both were denied, whereupon this appeal was taken. The appeal was from the action of the court in dismissing the case and in denying the motions to reinstate the action and to correct the minutes.

We consider the action of the court on the last motion first. The trial court is presumed to know whether or not its minutes correctly represented the proceedings, and in the absence of the clearest showing that they are erroneous, this court will assume that its action on a motion to correct was proper. We cannot say from the record that the court ruled incorrectly on this motion.

The other two questions may be considered as one, for if the court was not justified in its dismissal of the action, of course, the order refusing to reinstate it was erroneous. It is an inherent right of the courts, and therefore one existing independently of any statute, to dismiss a suit for a failure to prosecute it with due diligence. *Grigsby* v. *Napa County,* 36 Cal. 585, 95 Am. Dec. 213; *Sanitary District* v. *Chapin,* 226 Ill. 499, 80 N. E. 1017, 9 Ann. Cas. 113. And an order of the court dismissing an action for this reason will not be reversed unless it clearly appears there was an abuse of discretion. One of the grounds upon which an action may properly be dismissed for want of prosecution is the failure or refusal of a plaintiff to appear and present his case upon the day that it has been regularly set to be tried, and the only reasonable presumption from the record herein is that the court dismissed it for this reason. It is plaintiff's contention, however, that the case had never been legally and properly set for trial, and that upon his demand for a jury, it was the duty of the court to set it for trial before a jury at some appropriate time. This question involves a consideration of the statute in regard to jury demands and of the rules of the court governing the setting of cases. Section 3802, Revised Code of 1928, reads as follows:

"§ 3802. *Setting for Trial; Demand for Jury.* On such days as may be fixed by the court, the court shall set all causes at issue for trial, unless by agreement or for good cause shown, the setting be postponed. A jury may be demanded by either party in writing, filed with the clerk before the action is set, or may be demanded orally in open court at the time of the setting. If not so demanded the right to trial by jury is waived, and the action shall be tried by the court, unless the court shall otherwise order."

This section has been repeatedly construed by us, and the substance of the decisions is to the effect that a cause is not at issue as long as any law points are. pending, but that when the law points are disposed of, unless a demand is made at the first time the case is regularly called for setting for trial after it is at issue, the right to a jury is waived. *Arnett* v. *Hardwick,* 27 Ariz. 179, 231 Pac. 922; *Burbage* v. *Jedlicka,* 27 Ariz. 426, 234 Pac. 32; *Jenkins* v. *Skelton,* 21 Ariz. 663, 192 Pac. 249; *Mindlin* v. *Jones,* 26 Ariz. 401, 226 Pac. 209.

This court has the inherent right to make rules for its own government, and the statutory right under section 3652, Revised Code of 1928, to make rules for all of the superior courts of the state of Arizona. Under this statutory power it has adopted certain uniform rules for these courts, which from May 15, 1932, had the same force and effect as statutes, in so far as they were not inconsistent with the Constitution and laws of the state. For the purpose of carrying out in a proper manner the provisions of section 3802, *supra,* sections 1 and 2 of rule III of the Uniform Rules of Practice were adopted. They read as follows:

"III. Setting of Cases for Trial.

"(1) Each Superior Court shall by rule designate certain times at which the calendar for the setting of cases shall be called. In any cause or proceeding a jury may be demanded by either party in open court at the time the case is set for trial, or by a written demand, filed with the clerk before such call of the calendar.

"(2) Unless demand is made for a jury trial as above provided, it shall be deemed waived. If demand for a jury trial be made as above, it can only be waived thereafter by consent of all the parties to the action, and with the approval of the court."

It will be observed that the superior courts are required by the rules in each county to designate certain times at which the calendar for the setting of cases shall be called, and the only reasonable inference to be drawn from this rule is that no case will be set for trial except upon the day fixed by the rules of the court, unless all of the parties to a case have been given actual notice that it is the intention of the court upon a certain day to proceed to set it for trial, or unless the parties have agreed upon a date for trial to be fixed by the court. When a superior court has in its formally-adopted rules fixed certain days on which cases shall be called for the purpose of setting, it is constructive notice to all parties having cases pending, that they may properly be set on such day, and they must at their peril be present if they desire to exercise the right of demanding a jury under section 3802, *supra,* or to be heard as to when the case is to be tried on its merits. On the other hand, justice and fair play would require that they could rely upon such rule as relieving them from the necessity of being present at any other time, unless they have been given actual notice that on a date specified their cases will be called for setting. Any other interpretation of the rule would be to set a trap for counsel and in many cases work serious injustice.

It appears affirmatively from the record before us that the 7th day of May and the 18th of October, 1932, were not days designated by the rules of the superior court of Cochise county for the calling of the calendar and the setting of cases for trial. Such being the fact, when the case was first set for trial on May 7th, the failure of counsel for plaintiff to demand a jury did not waive such a right, unless it appears affirmatively in the record that they were present at the setting of the case on that day, or had

472

been given actual notice that it was to be called for setting. The same is true as to the setting for trial made upon the 18th day of October. We have examined the record carefully, and we are unable to find any evidence that plaintiff was notified in advance that the case would be called for setting on either of these days, or that he was represented at such settings. Such being the case, his right to demand a jury had not been waived, and the demand made by him in open court on the 28th day of October was timely. This being true, the court was without authority to dismiss the case at that time for want of prosecution, and its order so doing was an abuse of discretion. For this reason the order of the superior court of Cochise county dismissing the action for want of prosecution is reversed, and the case remanded with instructions to reinstate the same and to proceed with its hearing according to law.

ROSS, C. J., and McALISTER, J., concur.