[Crim. No. 7910.   Second Dist., Div. Three.   Sept. 7, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JEROME A. PIERCE, Defendant and Appellant.

Flier & Ross, Theodore Flier, Roger Bentley and Norman R. Atkins for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

FORD, J.—The appellant was found guilty of the crime of grand theft. (Pen. Code, § 487.)   In the count upon which

he was convicted he was accused of the theft of money belonging to named persons. There was evidence that he had failed to turn over to them the proceeds of the sale by him of their automobile and that he had used the money for his own purposes. His appeal is from the judgment and from the order denying his motion for a new trial.

The sole contention made in the brief filed on behalf of the appellant is that his conviction cannot stand because section 868 of the Penal Code was violated at the preliminary examination in that the court declined to exclude from the hearing the investigating officer, James E. Gibbons, an investigator in the office of the district attorney.[1] (See *People* v. *Prizant,* 186 Cal.App.2d 542 [9 Cal.Rptr. 282].) However, Mr. Gibbons was also the person who signed the complaint. Therefore, under the reasoning of the court in *People* v. *McCain,* 200 Cal.App.2d 825 [19 Cal.Rptr. 550], at pages 826-828, there is no merit in the appellant's contention.

The present attorneys for the appellant were substituted for the attorney who tried the case and who prepared the only brief filed on behalf of the appellant. At the oral argument the new counsel raised a contention not mentioned in the appellant's brief. While not required to consider a contention so presented, we have done so. Reference was made to a request by the jury, after it had commenced its deliberations, that the court reread a particular instruction. That instruction was the one numbered 231 in the revised edition of the work entitled California Jury Instructions, Criminal (CALJIC).[2] The trial judge did not reread all of that instruction, although he used the language of parts thereof. Instead, he gave the jurors factual illustrations of

---

[1]The preliminary hearing was held prior to the effective date of the 1961 amendment of section 868 of the Penal Code which added "the investigating officer" to the list of persons excepted from the rule of mandatory exclusion from the hearing upon the request of the defendant.

[2]The first paragraph of that instruction was in part as follows: "Sometimes it is difficult to determine which, if any, of three forms of theft the facts of a case show was committed. . . . Those three forms of theft are: 1. Embezzlement; 2. Obtaining property . . . by false pretense; and 3. Larceny by trick and device."

In addition, the instruction contained a concluding paragraph as follows: "However, it *is* necessary that you all agree as to which of the three types of theft was committed. If you should not be able to do that, the unanimity of decision necessary to warrant a verdict of 'guilty' would be lacking, and it would be improper for you to deliver such a verdict." As to whether it was necessary to include that paragraph in the instruction, see *People* v. *McManus,* 180 Cal.App.2d 19, 31-32 [4 Cal. Rptr. 642].

the three types of theft with which the instruction was concerned. At the oral argument before this court the counsel for the appellant criticized the manner in which the trial judge complied with the jurors' request in the following words: "Well, he . . . gives the distinctions and gives examples of what he thinks are larceny by trick and device, embezzlement and false pretenses. Then he tells them he is not commenting on the evidence in any way, shape or form, but nowhere does he tell them what the elements are of false pretenses, larceny by trick or device, embezzlement, what has to be present in order to find these particular elements, to come in on this theft situation, and he doesn't tell them that the elements have to be found beyond a reasonable doubt." The point is devoid of merit. When the jury was instructed prior to the submission of the case to it, the whole of CALJIC instruction 231 was read (except for the deletion of the words "or labor"), together with an additional paragraph as noted in footnote 2 of this opinion. Other instructions given were CALJIC 220, which was a definition of theft by larceny, CALJIC 224, which was a definition of theft by embezzlement, CALJIC instruction 226 entitled "Theft by False Pretenses," as modified, and CALJIC instruction 21 which, in the language of section 1096 of the Penal Code, stated the presumption of innocence and the doctrine of reasonable doubt. Under the circumstances, in responding to the jury's request as to CALJIC instruction 231 it was not incumbent upon the trial judge to repeat the other instructions herein noted. No basis for a claim of prejudice has been shown.

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 31, 1962.