[Crim. No. 8286.   Second Dist., Div. Three.   Sept. 25, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOE EDD JOHNSON, Defendant and Appellant.

Joe Edd Johnson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—Accused by information of burglary Lamar Chivers and Joe Edd Johnson were jointly tried and convicted in a jury trial of attempted burglary.   Johnson was represented by the public defender, Chivers by other appointed counsel.   Johnson admitted the allegation of a prior felony conviction.   We have for consideration the appeal of Johnson from the judgment.   Johnson applied for appointment of counsel on the appeal.   We read the record, determined that

the appeal is frivolous and denied the application. After due notice no brief has been filed by appellant.

There was evidence of the following facts: Barr Clothing Company store is located at Sixth and La Brea in Los Angeles. John M. Bleier, Jr., was employed in the store as a nighttime security officer; about 2:45 a. m. Bleier heard the crashing of breaking glass; he ran to the front of the store; a front window had been broken; a milk crate lay on the floor by a clothing rack; Johnson was standing on the sidewalk about 3 feet from the window; Bleier placed him under arrest; Johnson said he did not do it; he pointed to Chivers who was running away and said that was the man who did it; that he (Johnson) hit the man with his car. Johnson's car was parked at the curb; Chivers appeared to be carrying something under his arm; Johnson was taken into custody; Chivers was overtaken and arrested; he was not carrying anything. Some articles of clothing belonging to Chivers were found in the rear of Johnson's car.

On the stand Johnson denied knowing or having previously seen Chivers. Chivers did not testify. Johnson testified that as he was driving by the store he heard the sound of breaking glass; a man ran in front of his car and was struck by the car; the man ran away: "The person got up. They had some clothes in the hand, hat or coat or something, and it was thrown in my direction. . . . Well, this figure throwed something at me and proceeded to run down the street." There was no other material evidence in Johnson's case.

Before the taking of evidence was commenced both defendants moved for the exclusion of witnesses. Two investigating officers were present; the court ruled that one of them might remain and inquired whether there was any objection. Chivers' attorney objected; Johnson's attorney did not. One officer remained. There was no abuse of the court's discretion. (Pen. Code, § 867.)

The trial was conducted without error, including the instruction of the jury, which was proper and adequate.

The judgment is affirmed.