[Crim. No. 8326.   Second Dist., Div. Two.   Dec. 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MAURICE DUCKETT et al., Defendants and Appellants.

Maurice Duckett, in pro. per., David J. Vinje, under appointment by the District Court of Appeal, and Gerald J. Levie for Defendants and Appellants.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—This appeal is taken by two of several codefendants from judgments of conviction which followed a nonjury trial. Appellant Duckett was convicted on three counts charging sales of marijuana in violation of section 11531 and on one count charging possession of marijuana in violation of section 11530 of the Health and Safety Code. Appellant Wilson was convicted on one count charging a sale of marijuana in violation of section 11531 of the same code. Probation was denied in each instance and appellants were sentenced to state prison for the terms prescribed by law.

No question is raised regarding the sufficiency of the evidence. ■■■■■ The sole assignment of error presented for our consideration is that reversible error was committed when the magistrate before whom the preliminary hearing was held denied appellants' motion to exclude the investigating officer from the courtroom during the proceedings and later permitted him to testify as a witness for the prosecution. Appellants urged this contention at the preliminary hearing, in a subsequent motion to dismiss the information made under Penal Code section 995, and in motions to dismiss made at the commencement of the trial and at the time of sentencing. ■■■■■ Appellants concede that the investigating officer was not subject to exclusion under section 868 of the Penal Code as amended by the Legislature in 1961.[1] This amendment

---

[1]Section 868, as amended, provides: "The magistrate must also, upon the request of the defendant, exclude from the examination every person except his clerk, court reporter and bailiff, the prosecutor and his counsel, the Attorney General, the district attorney of the county, *the investigating*

followed upon the decision in *People* v. *Elliot*, 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225], holding it to be reversible error for the magistrate presiding at a preliminary hearing to fail to comply with the mandatory provisions of section 868, and the decision in *People* v. *Prizant*, 186 Cal.App.2d 542 [9 Cal.Rptr. 282], which held that the investigating officer was not a person excepted from the mandatory provisions of section 868 as they read prior to the 1961 amendment.

By a wholly unconvincing process of reasoning, appellants argue that despite the clear legislative pronouncement that investigating officers shall not be excluded under Penal Code section 868 and that "nothing in this section shall affect the right to exclude witnesses as provided in Section 867 of the Penal Code"[2] nevertheless the investigating officer must be excluded from the courtroom if he is to be called as a witness for the prosecution. Stated in its alternative form, it is appellants' contention that the prosecuting attorney is required to make the mutually exclusive election whether to have (1) the assistance of the investigating officer's presence during the proceeding, or (2) the benefit of his testimony. Appellants argue that the use of the officer in both capacities constituted a denial of due process as a matter of law.

We regard these contentions as unsubstantial and wholly without merit. The California Supreme Court in *People* v. *Elliot, supra,* at page 504, said in reference to section 868: *"The section is mandatory. It contrasts sharply with section 867, which gives the magistrate discretion to exclude and/or separate witnesses."* (Emphasis added.) The court then proceeded to make a clear statement of the consideration which made the provisions of section 868 so fundamental: "One of the main purposes of section 868 is to give the defendant the opportunity of protecting his right to an impartial and unbiased jury by preventing dissemination of this testimony, either by newspaper[3] or other media prior to trial. . . .

---

*officer,* the defendant and counsel, and the officer having the defendant in custody; provided, however, that when the prosecuting witness is a female she shall be entitled at all times to the attendance of a person of her own sex. *Nothing in this section shall affect the right to exclude witnesses as provided in Section 867 of the Penal Code."* (Emphasis supplied to indicate wording added by the 1961 amendment.)

[2]Section 867 provides: "While a witness is under examination, the magistrate may exclude all witnesses who have not been examined. He may also cause the witnesses to be kept separate, and to be prevented from conversing with each other until they are all examined.".

[3]The party allowed to remain in the courtroom in the *Elliot* case was a newspaper reporter.

■ Section 868 provides a substantial and often indispensable protection to the person who is unjustifiably accused of a criminal offense. The Legislature has specifically conferred upon an accused the right to protect his name from being maligned at a preliminary examination.'' Neither of. these considerations is involved when the exclusion of a witness. under section 867 is in issue.

■ It seems entirely clear, therefore, that while section 868 must be construed and applied in strict accordance with its terms (cf. *People* v. *Prizant, supra*), nevertheless,. when a motion is made under section 867 to exclude a prospective witness who is exempt from exclusion under section 868, the granting or denying of such motion is a matter which continues to lie wholly within the *discretion* of the magistrate.

Prior to the decision in the *Elliot* case, the practical importance and desirability of vesting in the magistrate the discretionary power to allow the investigating officer to remain in· the courtroom to assist the prosecution had been long recognized. (*People* v. *Foster,* 48 Cal.App. 551, 554 [192 P. 142]·; *People* v. *Chapman,* 93 Cal.App.2d 365, 374 [209 P.2d 121].; *People* v. *Boyden,* 116 Cal.App.2d 278, 283-284 [253 P.2d 773].) It again was recognized in *People* v. *Prizant, supra,* 186 Cal.App.2d 542, 545-546. And since the *Elliot* decision, the validity of this principle has been recognized in *People* v. *Guy,* 191 Cal.App.2d 714, 718 [13 Cal.Rptr. 17] ; in *People* v. *Bookout,* 197 Cal.App.2d 457, 465-466 [17 Cal.Rptr. 213] ; and in *People* v. *Johnson,* 207 Cal.App.2d 794, 795 [24 Cal. Rptr. 871]. Further, prior to the 1961 amendment of section 868, the investigating officer was allowed to remain in the courtroom if he had signed the original complaint. (*People* v. *Pierce,* 207 Cal.App.2d 526, 527 [24 Cal.Rptr. 499] ; *People* v. *McCain,* 200 Cal.App.2d 825, 827-828 [19 Cal.Rptr. 550].)·

Actually, appellants appear to appreciate the futility of their argument that by giving effect to the exception stated in section .868 in allowing the investigating officer to remain in the courtroom during the proceedings, the court placed itself under a *mandatory* obligation to exclude his testimony. They devote substantial portions of their briefs to the argument that the procedure· here followed created an ''opportunity for collusion'' among prosecution witnesses. However, they fail to show that any such collusion did in fact occur. Indeed, they do not even allege that they have any reason to believe that it occurred. ■ Even where there has been a·violation by a

witness of an order excluding witnesses from the courtroom, such violation does not make the witness incompetent or furnish a basis for a refusal to permit him to testify. (*People* v. *Gentemann*, 201 Cal.App.2d 711, 718 [20 Cal.Rptr. 435].) Merely to suggest there was an "opportunity" for wrongdoing certainly falls far short of a showing of actual prejudice.

The judgments as to both appellants are affirmed. The purported appeal from the order denying Duckett's motion for a new trial is dismissed.

Fox, P. J., and Ashburn, J., concurred.

The petition of appellant Duckett for a hearing by the Supreme Court was denied February 13, 1963.