450 P.2d 115

The STATE of Arizona, Appellee,

v.

Walter W. MEEK, Appellant.

No. I CA–CR 162.

Court of Appeals of Arizona.

Feb. 4, 1969.

Rehearing Denied Feb. 26, 1969.

Review Denied April 1, 1969.

**150**

Darrell F. Smith, former Atty. Gen., Gary K. Nelson, Atty. Gen., by William E. Eubank, Chief Asst. Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Snell & Wilmer, by Mark Wilmer, Phoenix, for appellant.

DONOFRIO, Chief Judge.

Appellant, Mr. Walter W. Meek, at the time in question was a newspaper reporter employed by Phoenix Newspapers, Inc. He attended a preliminary examination involving a criminal complaint against one Danny Lee Eckard. Meek testified that he attended the preliminary hearing for a three-fold purpose. First, he had been requested by his employer to report the proceedings for the newspaper. Second, as a member of the public and a citizen of the United States and Arizona he desired to view the proceedings in the Justice Court. Third, he had been notified that Rule 27 of the Arizona Rules of Criminal Procedure, 17 A.R.S. might be invoked and his employer requested him to challenge the validity of the rule by refusing to leave the hearing room.

Eckard was "newsworthy" in that he allegedly escaped from the state prison, and after the commission of the alleged criminal offense of kidnapping he was able to elude peace officers for a very substantial period of time in the desert surrounding Phoenix. The press had followed Eckard's activities with much publicity, giving him the romantic title of "The Desert Fox".

Upon the opening of the preliminary hearing to determine if there was probable

cause to bind Eckard over to the Superior Court for trial, Eckard's counsel moved under Rule 27 of the Arizona Rules of Criminal Procedure that all members of the public be excluded from the hearing room. The magistrate granted the motion and ordered that all witnesses and spectators leave the courtroom.

Meek refused to leave the room. The Sheriff of Maricopa County was summoned and he, along with a deputy, escorted Meek from the courtroom. Meek did not resist the expulsion but did refuse to leave unless he was required to do so by the sheriff. Meek testified that he was acting under the direction of his employer in order to make a test case and determine the validity of Rule 27.

A Direct Misdemeanor Information was filed in the Superior Court charging Meek with criminal contempt for refusing to obey the order of the Justice of the Peace. The trial court denied a motion to quash the information, which raised the defense of the constitutionality of Rule 27 of the Arizona Rules of Criminal Procedure. At the conclusion of the trial the court found defendant guilty of criminal contempt and fined him $300.

On appeal this Court by a majority opinion held that, being an intermediate appellate court, we had no jurisdiction to determine the validity of rules promulgated by our State Supreme Court, and decided the matter without reference to the constitutional question. State v. Meek, 8 Ariz. App. 261, 445 P.2d 463 (1968). The Arizona Supreme Court, on a petition for review, remanded this case to the Court of Appeals, entering the following minute entry order:

"The following action was taken by the Supreme Court of the State of Arizona on Tuesday, December 3, 1968, in regard to the above-entitled cause:

"'ORDERED: Petition for reconsideration of order denying Petition for Review—GRANTED.

"'FURTHER ORDERED: Remanded to Court of Appeals with directions to determine case on merits.'"

This indicates to us that the Arizona Supreme Court is in accord with the statements as to this Court's position announced in the dissent of our previous opinion in State v. Meek. We now hold that the Arizona Court of Appeals has the power to determine the validity and constitutionality of the rules promulgated by the Arizona Supreme Court in connection with a case before us.

Appellant contends that the Arizona Supreme Court has already held that a trial court has no power to expel the public from a preliminary hearing. He cites Phoenix Newspapers, Inc. v. Superior Court, 101 Ariz. 257, 418 P.2d 594 (1966). There it was announced:

"Courts are public institutions. The manner in which justice is administered does not have any private aspects. To permit a hearing held in open court to be kept secret, the order of secrecy being based entirely on defendant's request, would take from the public its right to be informed of a proceeding to which it is an interested party." 101 Ariz. at page 259, 418 P.2d at page 596.

We are unable to agree that *Phoenix Newspapers* is precedent for the case presently before us because of some very important distinguishing features. Foremost is that the case involved the publication of proceedings for a writ of habeas corpus held in open court. Proceedings of habeas corpus are considered civil in nature. Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632 (1950). Although the hearing in *Phoenix Newspapers* involved the sufficiency of the evidence introduced at a preliminary hearing in a criminal case, it nevertheless was not a preliminary hearing.

The precise question involved in *Phoenix Newspapers* was the trial court's misuse of its inherent power of contempt that pertains to all superior courts and not, as here, the disobedience of an order of the court based upon a rule of criminal

procedure. Here the Justice of the Peace was following a rule promulgated by the Arizona Supreme Court, which had the our State Legislature. Brown v. Haysame effect as legislation promulgated by more, 43 Ariz. 466, 32 P.2d 1027 (1943). Had the judge in *Phoenix Newspapers* been acting as a magistrate conducting a preliminary hearing as he may do under A.R.S. § 1–215, subsec. 11, as amended, Laws of 1959, Ch. 65, and Rule 19 of the Arizona Rules of Criminal Procedure, Wilson v. Superior Court, 104 Ariz. 57, 448 P.2d 857 (1969), we could then see a closer application to the present situation.

 We are unable to see in this matter a freedom of speech or a freedom of press situation as was the case in *Phoenix Newspapers*. In no way did the Justice of the Peace at the preliminary hearing prohibit the press from publishing the news. Freedom of the press or freedom of speech should not be construed to give the news media a constitutionally protected right to gain access to information. United Press Association v. Valente, 308 N.Y. 71, 123 N.E.2d 777 (1954).

We can find no Arizona case which states that the fair administration of criminal justice is subordinate to the right of the press to gather material apprising the public of the workings of justice. On the other hand, we find the United States Supreme Court repeatedly espousing a philosophy contrary to this view. See Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959); Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963).

We regard the instant case as a case of first impression. At the time of Meek's conviction, Rule 27 read:

"During the examination of any witness, or when the defendant is making a statement or testifying, the magistrate may and on the request of the defendant shall exclude all other witnesses. He may also cause the witnesses to be kept separate and prevented from communicating with each other until all are examined. *The magistrate shall also, upon the request of the defendant, exclude from the examination every person except attorneys in the case, and officers of the court.*" (Emphasis supplied)

The crucial question to be considered is, can the Arizona Supreme Court promulgate a rule which will make it mandatory upon a magistrate at a preliminary examination to exclude from the courtroom all persons except attorneys in the case, and officers of the court, upon request of the defendant? It should be said that effective February 1, 1968, the Arizona Supreme Court revised the above rule and took from the defendant this unconditional right by eliminating the portion of the rule hereinabove emphasized. We do not feel that this action by the Arizona Supreme Court subsequent to the activities involved in this case lends any light as to the constitutionality of their prior rule. It should also be mentioned that it has already been decided by a recent Court of Appeals decision that despite the rule change, the magistrate has the inherent discretionary power to exclude the public from a preliminary hearing. Schavey v. Roylston, 8 Ariz.App. 574, 448 P.2d 418 (filed December 17, 1968).

Rule 27, or its equivalent, with its mandatory provisions, has been applied by the legislatures in Arizona since 1901. It was originally stated by the legislature as follows:

"The magistrate shall also, upon the request of the defendant, exclude from the examination every person except his clerk, the prosecutor and his counsel, the district attorney and his counsel, and the officers having the defendant in custody." Arizona Revised Statutes of 1901, Penal Code, Section 767.

This statute was copied from the California Criminal Code which was originally enacted in its mandatory form in 1851. Calif. Statutes, 1851, Ch. 29, Section 161, p. 229. It was reenacted in 1872 in California, based partly on the N.Y. Code of Criminal Procedure, Section 203. Calif.Pen.C.A., Section 868, Legislative Historical Note. The New York enactment was amended in 1888, giving the magistrate discretionary power and using the word "may" rather than "must" as was in the previous law. Laws of N.Y., 1888, Chap. 220, § 1.

■ We can presume that the State Legislators of California and the Territorial Legislators of Arizona understood the distinction between the mandatory word "shall" and the permissive word "may". Certainly our Arizona Supreme Court, in 1939, when they promulgated the present Rules of Criminal Procedure and kept the mandatory form in Rule 27, understood they were giving the defendant an absolute unqualified right. Since the Arizona Rules of Criminal Procedure have the same power and effect as statutes, basic rules of statutory construction require us, before declaring the rule invalid, to be satisfied that the rule is unconstitutional and every intendment must be indulged by the courts in favor of the validity of the rules. Brown v. Haymore, supra; State v. Davey, 27 Ariz. 254, 232 P. 884 (1925); Hernandez v. Frohmiller, 68 Ariz. 242, 204 P.2d 854 (1949); Shaw v. State, 8 Ariz.App. 447, 447 P.2d 262 (1968).

■ California still has the mandatory language in its criminal rules. It is considered by the California courts as more than a substantive right. It is a fundamental safeguard which provides indispensable protection to criminally accused defendants and does not require a showing of prejudice in order to be invoked. If we use the reasoning of the California Supreme Court, Rule 27 was promulgated in Arizona because the Arizona Supreme Court felt that this was the best method of ensuring to a defendant a fair opportunity to have probable cause determined without fear of public ridicule or passion. People v. Prizant, 186 Cal.App.2d 542, 9 Cal.Rptr. 282 (1960); People v. Duckett, 210 Cal.App.2d 867, 26 Cal.Rptr. 926 (1963); McGonagill v. Superior Ct., 214 Cal.App. 2d 192, 29 Cal.Rptr. 485 (1963).

■ The grand jury has always been a secret, non-public affair, and so has the investigation by the magistrate under Criminal Rule 1 of the Arizona Rules of Criminal Procedure, commonly called a "one man grand jury". By their nature these proceedings are secret since only a complainant and prosecution witnesses need testify. It is not mandatory that the defendant be present or even be apprised that a hearing is being conducted. In the case of juvenile proceedings, privacy is also the rule, e. g., North Dakota Century Code 27–16–18; State v. Guerrero, 58 Ariz. 421, 120 P.2d 798 (1942). In the Arizona case it was pointed out that:

"The policy of the juvenile law is to hide youthful errors from the full gaze of the public and bury them in the graveyard of the forgotten past. * * *" 58 Ariz. at page 430, 120 P.2d at page 802.

Many states require adoption proceedings to be done in private, e. g., California Civil Code, Sec. 226m; Iowa Code Annotated 600.4 and Massachusetts General Laws Annotated 210, Sec. 6.

■ It should be kept in mind just what exactly is the purpose of a preliminary examination. It is a screening procedure which keeps the superior court from expending its time and energies, and the defendant from needless expense and degradation in defending groundless or unsupportable claims. Many times such an unjustifiable prosecution is stopped when a lack of probable cause is shown. Dodd v. Boies, 88 Ariz. 401, 357 P.2d 144 (1960); State v. Marlin, 5 Ariz.App. 524, 428 P.2d 699 (1967).

There are many dangers involved in publicizing the proceedings of a preliminary hearing. It cannot be doubted that at times statements printed by the press may

seriously and irreparably injure a defendant's reputation for life, not to mention the danger that may befall the complainants, victims and witnesses involved. Worthy of mention are the dangers of prejudicing prospective jurors who may be called to pass upon matters related to the crime under inquiry.

California, in construing their similar rule, points out the importance and necessity of such a protective device as was available in the old Rule 27:

" * * * The testimony heard at the preliminary examination is often that of the prosecution only. The defense may remain silent if it appears that reasonable or probable cause to commit has been established. One of the main purposes of section 868 is to give the defendant the opportunity of protecting his right to an impartial and unbiased jury by preventing dissemination of this testimony, either by newspaper or other media prior to trial. See Kirstowsky v. Superior Court, 143 Cal.App.2d 745, 300 P.2d 163. 'The right to unbiased and unprejudiced jurors is an inseparable and inalienable part of the right to a trial by jury guaranteed by the constitution.' Lombardi v. California St. Ry. Co., 124 Cal. 311, 317, 57 P. 66, 68. This right may be substantially impaired if the protection afforded by section 868 is denied." People v. Elliot, 54 Cal.2d 498, 6 Cal.Rptr. 753, 354 P.2d 225, 229 (1960).

 The old Rule 27 of the Arizona Rules of Criminal Procedure as it was written at the time involved herein was, we believe, a constitutionally permissible balancing of the interests of the public with the rights of a defendant in a preliminary hearing. We therefore hold that the Arizona Supreme Court under the powers given it in the Arizona Constitution and by A.R.S. § 12–109 may constitutionally promulgate a rule which will make it mandatory upon a magistrate at a preliminary hearing to exclude from the courtroom all persons except attorneys in the case and officers of the court, upon request of the defendant.

We refer to our former opinion wherein we held that the evidence was sufficient to support the judgment of guilt.

Affirmed.

STEVENS and CAMERON, JJ., concur.